IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INFOGROUP INC., Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC., a Delaware corporation;<br><br>Defendant. | 8:20CV109<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on defendant Office Depot, Inc.'s motion for summary judgment, Filing No. 118; plaintiff Infogroup Inc.'s motion to deny or defer ruling on summary judgment, Filing No. 131; Infogroup's motion to amend its complaint, Filing No. 135; Office Depot's motion for leave to sur-reply, Filing No. 157; and Infogroup's objection to sur-reply, Filing No. 159. For the reasons stated herein, the Court permits Office Depot to sur-reply, grants Infogroup leave to amend its complaint, grants Infogroup's motion to defer ruling on summary judgment, and denies Office Depot's motion for summary judgment without prejudice to reassertion once discovery is complete.

**I.    BACKGROUND**

Infogroup filed this action for copyright infringement on March 24, 2020. Filing No. 1. Infogroup alleged Office Depot had used Infogroup's copyrighted business database in an infringing manner. *Id.* at 2–5. The Court entered a case progression order which noted that Infogroup did not anticipate a need to amend the pleadings. Filing No. 56 at 1. The Court set a deadline of April 30, 2021, for the defendant to move to amend the pleadings or add parties. *Id.* It set the deadline for completing written discovery for

1

August 20, 2021, and the deposition deadline for December 30, 2021. Filing No. 56 at 1–2.

In June 2021, the parties contacted the Court because they had encountered a discovery dispute. Filing No. 64. The Court held a conference regarding the dispute. Filing No. 68. In relevant part, Infogroup sought to depose Mukund Padmanabhan, Office Depot's former Senior Director of Market Research. *Id*. The parties represented to the Court that there was a fundamental disagreement regarding the definition of Office Depot's "mapping program," which was referenced in Infogroup's complaint as follows:

> Office Depot used Infogroup's Business Database to supply business data for use in Office Depot's mapping program, which is designed with multiple functions, including functions that allow Office Depot to understand small and medium business opportunities near its current business locations and identify new potential business locations (the "Mapping Program").

Filing No. 1 at 3. In its answer, Office Depot "denied" this paragraph, but did not elaborate on the reason for its denial. Filing No. 47 at 6. Then, in a declaration in support of its motion to dismiss, Office Depot also referenced its mapping program as follows:

> Office Depot expressed a desire for information about where businesses were located based on latitude and longitude. Infogroup listened to Office Depot's needs, understood how Office Depot intended to use the data, and offered a manipulation of its database to provide the data in the format Office Depot would need for its mapping program, including the latitude and longitude data Office Depot required.

Filing No. 25 at 2. Infogroup understood this to be an adoption of its use of the term "mapping program" as referencing a computer program or piece of software. However, Office Depot later denied the existence of any such mapping program in its discovery responses. *See, e.g.*, Filing No. 77-1 at 16 (correspondence between the parties referencing Office Depot's disavowal of a mapping program). During the discovery-dispute conference, counsel for Office Depot denied the existence of a physical mapping

program: "The mapping program is not a thing. It is not a tangible item or a file or anything like that. It's a group of people that were doing something together." Filing No. 68.

After the conference, Infogroup filed a motion for specialized discovery, Filing No. 79, and a motion to stay progression deadlines, Filing No. 75. On October 29, 2021, the Court ordered that Infogroup be permitted to depose Padmanabhan only regarding the meaning of Office Depot's mapping program and ordered that such deposition be completed by December 3, 2021. Filing No. 92 at 13. The Court did not set a new case-progression schedule but ordered that all deadlines were stayed pending a follow-up conference call on January 6, 2022. Id.

After some additional delays and disagreements, Infogroup deposed Padmanabhan regarding the "mapping program" on January 12, 2022. Filing No. 104-10 at 1. The Court held its follow-up conference on January 21, Filing No. 98, and ordered that the previously ordered stay on case progression be lifted. Filing No. 100 at 1. The Court set the following new deadlines: April 21, 2022,[1] for completing written discovery relating to any motions to compel; May 17, 2022, for expert disclosures for the party with the burden of proof; June 17, 2022, for expert disclosures for the party without the burden of proof; July 1, 2022, for expert rebuttal opinions; August 15, 2022, for depositions; April 1, 2022, for motions challenging the court's subject-matter jurisdiction; and September 30, 2022, for motions to dismiss, motions for summary judgment, and *Daubert* motions. Id. at 1–2.

Home Depot moved for summary judgment on April 1, 2022. Filing No. 118. It argues there is no genuine issue of fact that its use of Infogroup's database did not

---

[1] This deadline was later extended to three weeks after the Court rules on the motion for summary judgment, Filing No. 118, or motion for leave to amend, Filing No. 135. Filing No. 144.

3

constitute copyright infringement. Filing No. 119 at 2. In response, Infogroup asks the court to deny the summary-judgment motion or defer ruling on it so that the parties can complete discovery. Filing No. 132 at 15. In a related motion, Infogroup moves for leave to file an amended complaint to add new allegations in support of its copyright-infringement claim and to add a count of breach of contract. Filing No. 135.

## II. ANALYSIS

The Court first addresses Office Depot's motion for summary judgment and Infogroup's request to deny or defer ruling on it in order to conduct additional discovery. Then, the Court addresses Infogroup's motion to amend its complaint and Office Depot's motion for leave to sur-reply regarding the motion to amend.

### A. Motion for Summary Judgment

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "an adverse party cannot produce admissible evidence to support" a fact essential to the nonmoving party's claim. Fed. R. Civ. P. 56(c)(1)(A)&(B). The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, if facts are unavailable to the justify the

nonmovant's opposition to summary judgment, the Court can deny or defer ruling on a motion for summary judgment under Fed. R. Civ. P. 56(d).

The purpose of Rule 56(d) "is to provide an additional safeguard against an improvident or premature grant of summary judgment." *U.S. ex. rel. Bernard Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (quoting 10B Charles Alan Wright *et al.*, Federal Practice and Procedure: Civil 3d § 2740 (1998)). Although Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious," *Wilmar Poultry Co. v. Morton–Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir.1975) (citing Fed. R. Civ. P. 56(f)), it "should be applied with a spirit of liberality." *U.S. ex. rel. Bernard*, 293 F.3d at 426 (citing 10B Charles Alan Wright *et al.*, Federal Practice and Procedure: Civil 3d § 2740 (1998)). The party seeking relief under Rule 56(d) must, by affidavit, describe "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008) (citing *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004)).

Office Depot moves for summary judgment, arguing it never created a computer mapping program from Infogroup's copyright database. Filing No. 119 at 1–2. It argues its use of the database included making maps and performing analysis using third-party graphical information system software, and that none of its uses violated the Copyright Act. *Id.* Thus, it argues the Court should grant it summary judgment on Infogroup's claim

5

for violation of the Copyright Act and conclude it has no jurisdiction over the case without this federal cause of action. *Id.* at 42.

Infogroup asks the Court to deny or defer ruling on Office Depot's motion for summary judgment under Rule 56(d). It has submitted an affidavit from its counsel in which he avers that Infogroup does not have access to the information it needs to oppose summary judgment because only the Padmanabhan limited-scope deposition has been completed. Filing No. 134-2 at 3. According to Infogroup's counsel, the facts to be uncovered include "the full extent of Office Depot's creation and use of derivative works and unauthorized copies and publications of Infogroup's Business Database." *Id.* at 4. Such facts go directly to the heart of the case in that they will determine whether or not Office Depot's use of Infogroup's database violated the Copyright Act. *See Id.* at 3. Plaintiff plans to obtain these documents through additional discovery from Office Depot "and from a non-party (Tetrad) to secure and analyze the copied works." *Id.* at 4. Counsel states that Infogroup has been diligently pursuing discovery, but notes the various hindrances and delays caused by both parties, particularly the debate over defining the "mapping program" that necessitated conducting the Padmanabhan deposition prior to full-fact discovery. *See* id. at 3–4.

Office Depot frames its summary-judgment motion as one contesting the court's subject-matter jurisdiction, seemingly in an attempt to show the early timing of its motion was necessary based on the Court's scheduling order that required the filing of motions challenging the court's subject-matter jurisdiction by April 1, 2022. *See* Filing No. 100 at 2. However, the substance of the summary-judgment motion is not a legal question regarding jurisdiction. Rather, it turns on the nature of Office Depot's use of Infogroup's

6

database. This is a highly fact-specific inquiry, and Infogroup has demonstrated that it requires additional time to oppose Office Depot's motion because discovery is not complete. Furthermore, it has demonstrated with specificity what facts it seeks to obtain, how it will obtain those facts via discovery, how those facts will raise a genuine issue of material fact, and why it has not yet been able to obtain said facts. See *Johnson*, 534 F.3d at 965. Accordingly, the Court denies Office Depot's motion for summary judgment under Rule 56(d) without prejudice to reassertion once discovery is completed.

### B. Motion for Leave to Amend Complaint

Next, Infogroup seeks leave to file an amended complaint. Filing No. 135. It acknowledges that it is past the time for amended pleadings provided by the scheduling order,[2] but argues it has good cause to modify the scheduling order because its new allegations were only recently discovered through preliminary discovery and the Padmanabhan deposition. Filing No. 132 at 1–2. Office Depot opposes the request to amend, arguing there is no good cause for Infogroup not to have amended sooner.[3] Filing No. 145.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by

---

[2] In fact, the scheduling order did not provide a deadline for Infogroup to amend its pleadings because it represented to the Court that it did not anticipate a need to do so. See Filing No. 56 at 1.
[3] Office Depot also seeks leave to file a sur-reply and supplemental index. Filing No. 157. The Court grants it leave and has reviewed and considered its brief and supplemental index in deciding this motion. See Filing No. 157-1; Filing No. 157-2. Infogroup's opposition, filed as an objection, is accordingly denied. Filing No. 159.

amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

Federal Rule of Civil Procedure 16(b) guides the district court on how to issue and modify pretrial scheduling orders and provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The interplay between Rule 15(a) and 16(b) is settled in this circuit." *Sherman*, 532 at 716). When a motion for leave to amend is filed outside the district court's scheduling order, the moving "party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

"The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (quoting *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)). "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Id.* (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Infogroup has shown good cause to modify the scheduling order to allow it to amend its complaint. In particular, it has demonstrated that it has acted diligently. Infogroup shows that its proposed amended allegations are based on its newly acquired understanding of the facts following recent discovery and the Padmanabhan deposition and it therefore had no basis to move to amend sooner. *See Ellingsworth*, 949 F.3d at 1100 (stating newly discovered facts can constitute good cause). Furthermore, while the

case has been pending for some time, the Court notes that the slow progression of the case has been the result of contentious discovery caused by both sides, as reflected on the docket. *See, e.g.*, Filing No. 68 (discovery-dispute conference); Filing No. 79 (motion to compel specialized discovery); Filing No. 75 (motion to stay discovery deadlines); Filing No. 101 (motion for sanctions). Thus, while the Court shares the magistrate judge's frustration at the parties' hostile behavior in this case and her desire that they work together in the future to timely and efficiently resolve disputes, *see* Filing No. 130 at 18 (magistrate judge's order on sanctions), it cannot say that Infogroup has failed to be diligent in pursuing leave to amend its complaint. Last, the Court concludes that justice requires amending the complaint based on the new facts uncovered in discovery, that such amendment will not unduly prejudice Office Depot who will be able to re-assert its summary-judgment motion if appropriate, and that the amendment would not be futile based on the contents of the proposed amendment complaint. Thus, the Court grants Infogroup leave to file its proposed amended complaint.

In light of this resolution, and because some of the progression deadlines have now passed, the parties should contact the chambers of the magistrate judge for re-progression of the action. For the foregoing reasons,

IT IS ORDERED:

1. Infogroup Inc.'s motion to deny or defer ruling on summary judgment (Filing No. 131) is granted;
2. Office Depot, Inc.'s motion for summary judgment (Filing No. 118) is denied without prejudice to reassertion once discovery has been completed;

3. Office Depot's motion for leave to sur-reply (Filing No. 157) is granted; Infogroup's opposition, styled as an objection (Filing No. 159) is denied; and Office Depot's brief and index in support (Filing No. 157-1 and Filing No. 157-2) are deemed filed;

4. Infogroup's motion to amend the complaint (Filing No. 135) is granted. Infogroup is ordered to file its amended complaint within 7 days of the date of this order. Office Depot shall file an answer within 21 days after Infogroup files its amended complaint.

5. Within 7 days thereafter, the parties shall contact the chambers of the magistrate judge for re-progression of this action.

Dated this 11th day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge