IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INFOGROUP INC., Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC., a Delaware corporation;<br><br>Defendant. | **8:20CV109**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Infogroup's Motion to Compel and for Limited Relief from the Close of Discovery. (Filing No. 172).[1] Specifically, Infogroup has moved for an order compelling the depositions of Mukund Padmanabhan and Alicia Trinley, and requiring Office Depot to disclose the last-known addresses of certain former employees. Infogroup also requests additional time to complete the depositions of several named witnesses, including, Padmanabhan, Trinley, and specific former Office Depot employees. Infogroup's motion will be granted in part, and in part denied as moot, as set forth below.

STANDARD OF REVIEW

District courts have broad discretion to limit discovery and decide discovery motions. Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc., 237 F.R.D. 215, 218 (D. Neb. 2006). As the Supreme Court has stated, because discovery rules should " 'be construed to secure the just, speedy, and inexpensive determination of every action'... judges should not hesitate to exercise appropriate

---

[1] Office Depot has filed a motion for surreply in response to the motion to compel (Filing No. 190). Defendant's motion will be granted, and Defendant's index and brief have been considered in the preparation of this order.

control over the discovery process." Id. (quoting Herbert v. Lando, 441 U.S. 153 (1979)). "[T]he district court possesses inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.' " Vallejo v. Amgen, Inc., 903 F.3d 733, 749 (8th Cir. 2018) .

## ANALYSIS

I.  Deposition of Mukund Padmanabhan

On October 29, 2021, the undersigned granted Infogroup's motion to compel the deposition of Mukund Padmanabhan. The purpose of the *preliminary* deposition was to "provide a baseline understanding of Office Depot's mapping program so both parties are on the same page as they move through this lawsuit." (Filing No. 92 at CM/ECF p. 7). Infogroup was expressly permitted to "conduct a comprehensive inquiry on the limited subject of the mapping program." (Id.) The undersigned found that the deposition would not preclude an additional deposition of Padmanabhan and stated, "if a second deposition of Padmanabhan is necessary, Infogroup will not be permitted to re-examine him on topics already covered, or which could have been covered, in the first deposition." (Filing No. 92 at CM/ECF p. 8). The deposition was held on January 12, 2022. (Filing No. 104-10).

On or about July 25, 2022, counsel for Infogroup sent counsel for Office Depot a letter stating Infogroup intended to take a second deposition of Padmanabhan and requesting that Office Depot provide Padmanabhan's availability. (Filing No. 175 at CM/ECF p. 3). Office Depot responded:

> Infogroup has already deposed Mr. Padmanabhan on all permitted and operative issues. Any additional questioning of Mr. Padmanabhan at this stage of the litigation would necessarily cover topics which have been covered in his first deposition, in violation of

the Court's order granting such deposition. Dkt.No.92 at 8. Office Depot will not agree to a second deposition of Mr. Padmanabhan per the terms of that order.

(Filing No. 175 at CM/ECF p. 5).

Infogroup has now filed a motion to compel Padmanabhan's deposition. In response, Office Depot argues that Padmanabhan was extensively deposed and Infogroup should be prevented from deposing him again because "Infogroup was never *entitled* to a second deposition absent a showing of necessity." (Filing No. 177 at CM/ECF p. 3 (emphasis in original)). In sum, Office Depot interprets Filing No. 92 as requiring a showing that Padmanabhan's deposition is *necessary* before he may be deposed. Further Office Depot argues that Filing No. 92 precludes Infogroup from asking Padmanabhan questions regarding *any topic* which could have been covered in the first deposition.

At the outset of this case, the undersigned determined that Padmanabhan's deposition was necessary to explain the "mapping program," and that the first deposition was limited to topics Infogroup proposed related to the mapping program only. The undersigned's previous order was meant to convey that Padmanabhan's initial deposition was necessary to assist the parties in understanding and defining the scope of the litigation, and if it was later determined that Padmanabhan should be deposed again on topics unrelated to the mapping program, this would be allowed. Accordingly, Infogroup's request to issue a second subpoena to depose Padmanabhan will be granted. Office Depot must cooperate in coordinating the scheduling of this second deposition.

Office Depot asserts that Infogroup went "well beyond the topics the Court permitted" in the first deposition. (Filing No. 177 at CM/ECF p. 2; See Filing No. 190-1 at CM/ECF p. 3). To the extent that Infogroup 'colored outside of the lines'

of the approved topics in the first deposition, Office Depot was allowed to object and preserve any such issues for court rulings.

The court is now faced with yet another fight over the scope of deposition questioning, and that fight has halted the completion of discovery. Every attorney in this case has substantial experience, is capable of understanding the meaning and purpose of my orders, and knows how to navigate and litigate discovery disputes. Against this backdrop of attorney experience and the history of this case, the court should not need to micromanage counsel's deposition questioning, and it will not voluntarily do so.

II. Deposition of Alicia Trinley

Infogroup's July 25, 2022 letter to Office Depot stated Plaintiff intends to depose Alicia Trinley, Office Depot's in-house counsel. (Filing No. 175 at CM/ECF p. 3). Office Depot responded that due to her position "any and all testimony by Ms. Trinley would necessarily implicate privilege" and Office Depot would not present her for deposition on privilege grounds. (Filing No. 175 at CM/ECF p. 5). Infogroup responded that the purpose for the deposition was because she "had communications with at least one Infogroup rep." (Filing No. 175 at CM/ECF p. 8).

Federal Rule of Civil Procedure 26(b) provides, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The purpose of the attorney-client privilege is to encourage full and frank communication between attorneys and their clients by assuring clients that their disclosures will be held in confidence. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). But the attorney-client privilege is inapplicable when communications with counsel were not made for the purpose of securing or providing legal advice. Diversified Indus., Inc., 572 F.2d 596, 609 (8th Cir. 1977) (en banc).

Communications made in the ordinary course of business and not "prepared with the intention of seeking legal advice" are not attorney-client privileged. Jacobson Warehouse Co. v. Schnuck Markets, Inc., 13 F.4th 659, 677 (8th Cir. 2021). "[W]hen an attorney acts in other capacities, such as a conduit for a client's funds, as a scrivener, or as a business advisor, the privilege does not apply." United States v. Spencer, 700 F.3d 317, 320 (8th Cir. 2012) "[T]he party invoking the privilege must show the communication is for the purpose of securing primarily either (1) an opinion on law; or (2) legal services; or (3) assistance in some legal proceeding." Nat'l Sec. Counselors v. Cent. Intelligence Agency, 2016 WL 4621060, at *30 (D.D.C. Sept. 6, 2016) (applying federal privilege law).

Infogroup is not asking to depose Office Depot's trial counsel for this case or past related cases. See e.g., Benson v. City of Lincoln, No. 4:18CV3127, 2022 WL 426563, at *7 (D. Neb. Feb. 11, 2022), objections overruled, No. 4:18CV3127, 2022 WL 1121805 (D. Neb. Apr. 14, 2022). Rather, Infogroup wishes to depose Trinley regarding her non-privileged communications with Infogroup employees, "namely, her notice to Infogroup that Office Depot would not permit Infogroup to conduct its requested audit of Office Depot's disposal and usage of Infogroup's licensed data, as well as the reasons for such refusal." (Filing No. 186 at CM/ECF p. 4). While Office Depot argues that Trinley's interactions with Infogroup were in the "course of preparation" for potential litigation, business advice provided by in-house counsel is not necessarily insulated from discovery as privileged work product. Under the facts and record presented in this case, any work product or attorney-client objections can be raised—if appropriate--during the deposition itself. While, as Office Depot suggests, Infogroup may already possess Trinley's non-privileged information as it relates to conversations with Infogroup's employees, Infogroup is not required to accept that representation as fact. The court will not prohibit Infogroup from deposing Trinley, Office Depot's in-house

counsel, to acquire or further understand facts which are not protected work product or privileged.

III. Last Known Addresses

Infogroup requested the last-known addresses of several named employees of Office Depot, who Office Depot advised were no longer employed by the company. Office Depot has provided the addresses and Infogroup has verified their receipt. The parties agree this issue is now moot.

IV. Limited Relief from the Close of Discovery

On August 11, 2022, Judge Bataillon granted Infogroup's motion to file an amended complaint. Infogroup was ordered to file the document within 7 days, then Office Depot was given 21 days to file an answer. The parties were ordered to contact the undersigned magistrate for "re-progression of this action." (Filing No. 163). In response to Infogroup's Amended Complaint, Office Depot has filed a motion to dismiss, and the parties have not yet contacted the undersigned for "re-progression." Office Depot's response to the pending motion to compel asserts Judge Bataillon's order moots Infogroup's request for relief from the close of discovery, and Infogroup's reply brief effectively withdraws the portion of the motion seeking relief from the close of discovery. The parties agree this portion of the motion is no longer at issue.

The deposition deadline, and the deadlines for filing motions for summary judgment and to exclude testimony under *Daubert* and related grounds, all unexpired at the time the motion to dismiss was filed, will be stayed pending an order on the pending motion to dismiss the amended complaint. (see Filing No. 167, Filing No. 180).

IT IS ORDERED:

1) Infogroup's motion to compel and for limited relief from the close of discovery (Filing No. 172) is granted in part and in part denied as moot, as follows:

    a. Infogroup is permitted to depose Mukund Padmanabhan as set forth in this order.

    b. Infogroup is permitted to depose Alicia Trinley as set forth in this order.

    c. Infogroup's request for last-known addresses of certain former employees is denied as moot.

    d. Infogroup's motion for limited relief from the close of discovery is denied as moot.

2) Office Depot's motion for surreply is granted; Filing No. 190 is deemed filed and has been considered.

3) The case progression deadlines which were unexpired at the time Defendant's motion to dismiss are stayed.

4) If this matter is not resolved by the pending motion to dismiss, within ten (10) days following the order on Filing No. 180, the parties shall contact the undersigned to set a conference call to discuss case progression.

Dated this 19th day of October, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge