IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INFOGROUP INC., Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC., a Delaware corporation;<br><br>Defendant. | 8:20CV109<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Office Depot, Inc.'s ("Office Depot") motion to dismiss or transfer an amended complaint for copyright infringement and breach of contract. Filing No. 180.

This case presents a somewhat hectic posture. The Court has already denied Office Depot's first motion to dismiss, and motion for summary judgment, and the parties have had their fair share of discovery disputes. *See* Filing Nos. 39, 163, 79, and 101. But the relevant facts for present purposes distill to this: in its original complaint, plaintiff Infogroup Inc. alleged its principal place of business lay in Papillion, Nebraska. The Court relied on this allegation in exercising jurisdiction over Office Depot. Filing No. 39 at 19. Since however, Infogroup has left it's Nebraska headquarters and is now in Texas. Filing No. 181 at 9; Filing No. 193 at 13 fn. 2, 21.

Given changed circumstances, Office Depot moves to transfer the case to its home of the Southern District of Florida. Despite the changed circumstances, Infogroup opposes transfer at all, even to its new home. Where convenient, courts generally grant a plaintiff's choice of forum considerable deference. But a plaintiff may not hail a

1

defendant into a forum foreign without good cause. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). The balance of witnesses is problematic. Some live in Nebraska, many in Florida, others elsewhere. Between here, Texas, and Florida, many will be required to travel. But where both Texas and Florida require one only party to travel, *this* District provides the unique disadvantage of requiring *both* parties to travel. Therefore, transfer is appropriate. Both parties are Delaware corporations. The State Court of Delaware is probably the most appropriate venue if all the witnesses are traveling. However, the parties are in a Federal forum and the doctrine of forum conveniences allows this court to determine the most appropriate venue for this litigation. The majority of the witnesses are in Florida. The defendant's headquarters is in Florida. The plaintiff did business with the defendant knowing the defendant's principal place of doing business is in Florida. Accordingly, the Court finds the Southern District of Florida to be the most appropriate venue for this litigation.

THEREFORE, IT IS ORDERED THAT:

1. Office Depot's motion, Filing No. 180, is granted in part.
2. This case is transferred to the United States District Court for the Southern District of Florida. The Clerk shall please close the file.

Dated this 26th day of January, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge